WALDEN, Judge
(dissenting) :
Summary final judgment was entered in favor of defendants, Hamilton Management Corporation and Aetna Casualty and Surety Company. I would reverse as a matter of law.
Plaintiff bought some securities from defendant, Maynard, which securities were neither registered nor exempt under the *523 sale of securities law.[1] Maynard was a “salesman” registered and employed by a “dealer,” that dealer being the defendant, Hamilton Management Corporation.[2]
The surety providing bond for the dealer and salesman was defendant, Aetna Casualty and Surety Company.[3] The key condition of the statutory surety bond is that “ . . . such dealer and each and every salesman registered by said dealer shall well and duly comply with the provisions of Chapter 517, Florida Statutes ”[4]
The sale in question was unlawful, being unquestionably violative of Chapter 517, F.S. The purchaser sued and sought to rescind the sale and recover the purchase price, costs and attorney fees.[5] Aetna was properly made a party defendant because of its bond.[6]
The critical point in the consideration of this appeal is the fact that the dealer knew nothing of its salesman’s activities in the stock in question and the salesman was not acting within the scope of his employment by the dealer at the time the salesman sold the securities to plaintiff. And so, in fine, the question is whether the dealer and the surety company are liable under these circumstances. I think so.
The term “sale” means:
“517.02(3) ‘Sale’ or ‘sell’ includes every disposition or attempt to dispose of a security or interest in a security for value.” (Emphasis added.)
It is my view as a matter of public policy that the Legislature intended to place the burden and responsibility for all illegal sales upon those registered under its laws as a dealer or salesman and their bonding company. It seems unreal and unduly narrow and legalistic as concerns the dealer’s (and the bonding company’s) responsibilities to a citizen purchaser of illegal stock to later say that the registered salesman at the time he made the sale was not acting within the scope of his employment by a registered dealer. [7]
A reading of the sale of securities law indicates to me that its paramount concern is the protection of purchasers and the condemnation of the illegal sales of securities. The remedies and the provisions appear to be broad and comprehensive in the public interest and I see no desirability or purpose in engineering loopholes at the expense of innocent purchasers.
Thus, it would be my holding that the dealer is responsible for any unlawful sale of securities made by its registered salesman. I would reverse and respectfully direct that the dealer and bonding company be reinstated as defendants.

. Chapter 517, Laws of 1971.

. “Dealer” and “Salesman” are defined respectively in F.S. § 517.02(4) and (6).

. A statutory bond requirement is set out in F.S. § 517.12(4).

. Purchasers are permitted to bring an action against sellers under F.S. § 517.13 (1971).

. F.S. § 517.21(1) (1971).

. F.S. § 517.21(2) (1971) reads:
“(2) Any person having a right of action against a dealer or salesman under this section shall have a right of action under the bond provided in § 517.12.”
Since the trial court agrees that plaintiff has a cause of action against the salesman, it is impossible for me to understand why, under this section, plaintiff does not have a cause of action under the bond against Aetna.

.The majority view is that the aged common law rule of agency applies unchanged regardless of the enactment of the sales of securities chapter with its wide bespeakment of legislative concern for purchasers of securities. “The moré things change, the more they remain the same.” Alphonse Karr, Les Guepes.